Louis G. Bruhn, J.
This is a motion by the plaintiff pursuant to CPLR 3042 (subd. [a]) “ for an order modifying said demand for a bill of particulars dated February 25, 1966, by striking therefrom items ‘ one ’ upon the ground that said statement is privileged as material prepared for litigation and is a part of plaintiff attorney’s work product, and for such other and further relief as may be just, proper and equitable. ’ ’
Briefly the facts are these:
The instant defendant, Carson A. Burch, instituted an action in negligence against the instant codefendant, John L. Cleckner, in the Warren County Supreme Court.
The action stems from a collision between motor vehicles of these defendants on December 12,1965.
This motion centers around the claimed fact that on or about January 10, 1966, the defendant John L. Cleckner, gave this plaintiff, his liability carrier, a written statement denying the happening of the accident or his involvement therein.
.Subsequently and on or about January 15,1966 the defendant, Cleckner, pleaded guilty to leaving the scene of the aforesaid accident and on or about January 17,1966 was fined $100.
The plaintiff herein thereafter instituted this action for a judgment declaring “ (1) That the Court adjudge and declare that the policy of automobile liability insurance issued to the defendant, john l. cleckner, herein was by his false statements and failure to cooperate thereby breached and the plaintiff, therefore, is not obliged to respond in damages arising out of the aforesaid accident, nor obliged to defend any actions with respect to such claims arising out of such accident.”
In this action the defendant Burch served a demand for a bill of particulars in which, inter alia, he demanded: “ 1. Set forth a complete statement made by the defendant, John L. Cleckner to the plaintiff herein.”
It is this portion of the demand which the plaintiff herein seeks to vacate as being privileged, material prepared for litigation, and attorney’s work product.
*55 Burch, in turn, predicates his opposition to the motion on the fact that the information sought is material ‘ ‘ necessary to the defense of the action and also so as to avoid surprise.”
In substantiation of this position he points out that paragraph “■Seventh” of the plaintiff’s complaint alleges: “ That on or about the 10th day of January, 1966, the defendant, John L. Cleckner, did give plaintiff his written statement denying the happening of said accident or his involvement therein.”
In view of the nature of this action it appears that Burch’s position is much more impressive for several reasons.
In the first place CPLR 3101 provides, in part:
“ (a) Generally. There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:
“ (1) a party or the officer, director, member, agent or employee of a party ”. (Italics supplied.)
Incidentally, it would seem that procedurally CPLR 3120, rather than CPLR 3042, should more appropriately be the vehicle to be utilized by Burch to obtain this statement.
However, since the limitations of CPLR 3101 would apply in either case it makes little difference for the purpose of this motion whether the demand be satisfied by CPLR 3042 or 3120.
Under those circumstances, a consideration next. should be given to the merit of the plaintiff’s position in support of its motion.
This court fails to see any privilege being involved and, if there is, it certainly has been broken by the allegation of paragraph “ Seventh” of the plaintiff’s complaint.
Furthermore, since the statement in question was procured by an investigator for an adjustment bureau and turned over to the attorney it cannot, in the true sense, attain the dignity of an attorney’s work product.
By the same token this statement cannot be regarded as material prepared for this litigation rather than for the Burch v. Cleckner litigation.
Concededly, it might not be obtainable by Burch as a plaintiff in the Cleckner action unless he demonstrated that it “ can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship.” (Italics supplied.)
Even if such conditions were to be imposed against Burch as a defendant in this action he might still succeed because it would be impossible to duplicate the statement in toto since one’s mind is constantly undergoing a change which would preclude Cleckner *56 from recalling the exact verbiage or qualifications which may appear in the statement itself and certainly withholding it would, under those circumstances, result in injustice or undue hardship to Burch.
However, whether such conditions are met in this case should not control, because the preparation of this statement was primarily preparation for the pending base action and not for this declaratory judgment action and under those circumstances, should not be subject to the limitations of section 3101.
For the reasons stated, the motion is denied, without costs, and the plaintiff is given 10 days, from the date of the service upon it of a copy of the order with notice of entry to be entered herein, within which to serve its bill of particulars.